## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.  08-cr-162(HHK)** |
| | : | |
| **v.** | : | |
| | : | |
| **NICHOLAS PROCTOR** | : | |
| | : | |
| **Defendant** | : | |

## UNITED STATES' MOTION TO ADMIT OTHER CRIMES
## <u>EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)</u>

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to admit evidence of prior misconduct that is relevant to proving the defendant's intent, knowledge, motive, plan, preparation, and absence of mistake, pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)").  In support of its motion, the United States relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on this matter:

### <u>Factual Summary of the Instant Case</u>

1.      The one-count indictment charges the defendant with: Unlawful Possession with Intent to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii).

2.      At a trial or hearing, government counsel expects to present evidence proving the following:

On February 29, 2008, at approximately 6:35 p.m., members of the Seventh District Vice Office were executing a District of Columbia Superior Court search warrant inside of 1813 Frederick Douglas Place, S.E., Washington, D.C.  After knocking and announcing their presence and not hearing a response, the officers entered the residence.  After the residence was determined to be safe for the officers,[1] the search began and various contraband as well as other items of interest were recovered.

For example, in the basement of the residence, an officer searched a locked closet[2] and found two false bottom cans: one can was labeled "Big Puncture Seal" and the other can was labeled "Aqua Net".  The "Big Puncture Seal" can contained six separate clear plastic bags which each contained chunks of a white rock-like substance.  The combined weight of these six bags, with contents and packaging, was approximately 191 grams.  The "Aqua Net" can contained three clear plastic bags, which each contained chunks of a white rock-like substance. The combined weight of these three bags, with contents and packaging, was approximately 99 grams.  A portion of this white rock-like substance field-tested positive for cocaine.  A subsequent Drug Enforcement Administration analysis determined that there was a combined net weight of 268.3 grams of recovered white rock-like substance, with the active ingredient of cocaine base, also known as crack cocaine.

A black wallet was also found in the basement closet, and the wallet contained a social security card and birth certificate in the name of the defendant.  In addition, a lease agreement

---

[1]    Upon entering, the officers saw several individuals inside the residence, and most of these individuals were playing cards, with U.S. currency laying on the kitchen table where they were sitting.

[2]    The closet was forced open during the search.

was found in this closet, with Rosie Proctor listed as "head of household" and the defendant and "Rinaldo Proctor" listed as additional residents.  Furthermore, mail matter in the name of the defendant was found underneath a bed located in the basement.

In the kitchen, a false bottom can – labeled "Chase & Sanborn coffee" – was found, and this can contained numerous empty ziplock bags.  Several rubber gloves and a car title in the defendant's name were also found in the kitchen.

During the search, the defendant entered the residence and was placed in handcuffs.  He was subsequently placed under arrest for possession with intent to distribute cocaine.  During a search incident to his arrest, a set of keys was recovered and one of these keys fit the lock on the basement closet door where the crack cocaine was recovered.  The defendant was also found in possession of $581.00 in U.S. currency.

In addition, Rosie Proctor entered the residence during the search and was placed under arrest for possession with intent to distribute cocaine.  The defendant spontaneously stated words to the effect of "It's all mine" and "She had nothing to do with it" in apparent response to seeing his mother being placed in handcuffs by the police.  Ms. Proctor was ultimately not indicted on that charge.[3]

---

[3]     Xavier Clemons, who was found in the kitchen of the residence, was found in possession of one black ziplock bag, which contained a green weed substance.  A portion of the green weed substance field tested positive for THC, the active ingredient in marijuana, and Mr. Clemons was placed under arrest for possession of marijuana.  In addition, two additional black ziplock bags which contained a green weed substance were found in an upstairs bedroom and one green ziplock bag which contained a green weed substance was found in a couch in the living room.

Also, $94.00 in U.S. currency was found spread out on the kitchen table, and an additional $5,784.00 was seized from several individuals inside of the location who were not arrested, pending further investigation.

### Factual Summary of Prior Conviction

The government seeks to introduce evidence of the defendant's prior drug conviction, pursuant to Rule 404(b).  The defendant's prior conviction is: Attempted Possession with Intent to Distribute Cocaine, District of Columbia Superior Court number 2004-FEL-005795, in which the defendant was sentenced on March 16, 2005.  Regarding the defendant's prior misconduct, the government intends to introduce evidence of the underlying facts and circumstances related to the following incident:[4]

On September 14, 2004, at approximately 11:00 p.m., in the 3800 block of Alabama Avenue, S.E., Washington, D.C., Metropolitan Police Department (MPD) Officer Keith Pierce was on routine patrol.  Officer Pierce, along with MPD Officer Matthew Wolke, were assisting MPD Officer Scott Siegel with a traffic stop. Officer Pierce approached the passenger-side of the stopped vehicle and saw the defendant, who was sitting in the front passenger seat.  While speaking with the defendant, Officer Pierce saw, in plain view on the seat next to the defendant's right leg: (1) a clear ziplock bag with a red apple logo, which contained two smaller ziplock bags with a white rock-like substance, and (2) a clear plastic bag, which contained a white rock-like substance.  The defendant was then taken out of the vehicle and placed under arrest.

During a subsequent search of the vehicle, a clear plastic bag, which contained twenty-two (22) individual ziplock bags with a white rock-like substance, was found on the passenger-side floorboard.  Additional items recovered from the vehicle included: (1) a brown paper bag,

---

[4]    At trial, the government anticipates establishing the facts of this incident through officer testimony, a transcript or recording of the plea proceedings, or stipulation of the parties.

which contained a clear glass plate with residue, (2) two razor blades, with at least one containing residue, and (3) several empty clear ziplock bags.

A portion of the white rock-like substance recovered from the vehicle was field-tested and had a positive color reaction for cocaine base.  The defendant was charged with possession with intent to distribute crack cocaine, and transported to the Sixth District for processing.  A Drug Enforcement Administration analysis subsequently determined that: (1) the white rock-like substance in the recovered bags contained cocaine base, (2) the residue on the clear glass plate contained cocaine and (3) residue from the razor blades contained cocaine base.

On January 10, 2005, the defendant plead guilty to attempted possession with intent to distribute cocaine on January 10, 2005, in District of Columbia Superior Court case number 2004-FEL-005795, and was sentenced on March 16, 2005.

## ARGUMENT

Under Rule 404(b), the defendant's prior drug conviction should be admitted because it tends to prove three necessary elements of the government's case.  First, the prior conviction shows intent, motive, plan and preparation to distribute the drugs found in the residence.  Second, the prior conviction shows that he is familiar with cocaine and therefore possessed knowledge that the substance was cocaine rather than a legal substance, such as flour.  Third, the prior conviction shows that he knew the drugs were in the residence and that he intended to possess them.  In addition, the prior conviction is admissible under Rule 403 because the similarity of the facts of that case to the present case make the evidence highly probative, and any potential prejudice can be kept to a minimum by providing a limiting instruction to the jury.

Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to undermine a defendant's character, but it is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake.  See United States v. Bowie, 232 F.3d 923, 926, 930 (D.C. Cir. 2000).  Importantly, this rule is one of "inclusion rather than exclusion." Id. at 929.  Although the first sentence of the rule is framed restrictively, the rule is primarily permissive, barring admission of other crimes evidence in but one circumstance: for the purpose of proving that a person's actions conformed to his character.  United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (en banc) (Crowder II), cert. denied, 525 U.S. 1149 (1999).  As the Court stated in United States v. Cassell, 292 F.3d 788, 795 (D.C. Cir. 2002), "[t]rue, the evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does not thereby render it inadmissible.  To reiterate what we have stated before . . . under Rule 404(b), 'any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.'"  Id. (citing United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990), cert. denied, 498 U.S. 825 (1990)) (emphasis in original).

Prior crimes evidence, like all evidence, is subject to the restrictions of Rule 403.  Thus, the admissibility of other crimes evidence rests on a two-step inquiry: 1) whether the other crimes evidence is relevant to an issue other than the defendant's character or propensity, and if so, 2) whether the evidence is admissible under Rule 403 because its probative value is not substantially outweighed by the danger of unfair prejudice.  United States v. Moore, 732 F.2d 983, 987 (D.C. Cir. 1984).  In a close case, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence," even when dealing with Rule 404(b) prior crimes evidence.  Id. at 989; see also  Huddleston v. United States, 485 U.S. 681, 688-89 (1988) ("Congress was not nearly so

6

concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence").

Admission of 404(b) evidence does not require the Court to make any preliminary factual findings or to weigh the quality of the evidence.  See id. at 690.  The trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence."  Id.

In the instant case, to justify a conviction for possession with intent to distribute (PWID) cocaine base, the government must prove, among other things, that the defendant (1) knew that the white substance was cocaine base and (2) intended to distribute it.  Because the cocaine base was not within the actual physical possession of the defendant, the government's constructive possession theory will also require it to prove that the defendant (3) knew that the cocaine base was in the residence and intended to possess it.  See Cassell, 292 F.3d at 792-94 (constructive possession requires proof of "a mental element (knowing possession)").  The defendant's prior conviction is relevant and highly probative as to each element, and should therefore be admitted under Rules 403 and 404(b).

The most recent 404(b) drug case from the D.C. Circuit is similar to the present case and directly supports admission of evidence for the same purposes that the government currently invokes.  In United States v. McCarson, 527 F.3d 170, 173-174 (D.C. Cir. 2008), the Court held that prior PWID cocaine convictions "were not only relevant; they were also highly probative of both his intent to distribute the crack cocaine and his constructive possession of the gun and the drugs."  Much like in the present case, an obstacle in the government's constructive possession theory in McCarson was that the drugs were found in a residence also used by someone else – in

7

that case, the defendant's girlfriend, enabling McCarson to argue at trial that "the contraband belonged to his girlfriend because the Marshals found the contraband in his girlfriend's apartment inside a dresser containing what appeared to be her rather than his belongings." Id. The defendant's prior convictions were highly probative because they "tended to undercut" that argument. Id. The same class of evidence – a prior PWID conviction – should be admitted in the present case to counter the same argument here: that the cocaine base belonged to someone else who used the residence, and that the defendant neither knew about nor intended to possess it.

The outcome in McCarson derives from a longstanding, consistent approach within this jurisdiction to other crimes evidence in drug possession cases, including constructive possession cases. See, e.g., United States v. Pettiford, 517 F.3d 584, 590 (D.C. Cir. 2008) (prior conviction for distributing cocaine from his car "made it substantially more likely that [the defendant] knew that there was (and intended that there be) crack in the console of the Ford – and that he intended to distribute that crack."); United States v. Douglas, 482 F.3d 591, 597 (D.C. Cir 2007) ("Evidence that Douglas previously possessed and distributed crack cocaine to an undercover police officer 'has a tendency to make' it 'more probable,' Fed. R. Evid. 401, both that he knew the nature of the substance . . . and that he intended to distribute it"); United States v. Knight, No. 07-81 (CKK), 2007 U.S. Dist. LEXIS 43728, at *9 (D.D.C. June 18, 2007) (allowing introduction of 404(b) evidence of prior PWID arrest to show that the defendant knew that the substance at issue was cocaine, intended to distribute it, and that "he was aware that there was [an illegal substance] inside of his residence"); Crowder II, 141 F.3d at 1209 (defendant's prior drug dealings "show that he knew how to get drugs, what they looked like, where to sell them," and therefore "may be a 'brick' in the 'wall' of evidence needed to prove possession"); United

States v. Toms, 136 F.3d 176, 183-84 n.11-12 (D.C. Cir. 1998) (in constructive possession case, evidence of prior drug activities was admissible to show intent, motive, knowledge, and/or absence of mistake with respect to the instant drugs); United States v. Latney, 108 F.3d 1446, 1448 (D.C. Cir.) (evidence of defendant's other possession of crack cocaine admissible in trial charging aiding and abetting distribution of crack), cert. denied, 522 U.S. 940 (1997); United States v. Clarke, 24 F.3d 257, 264 (D.C. Cir. 1994) (evidence of prior sales of cocaine by defendants admissible to establish intent regarding their possession of large amounts of cocaine in present case); States v. Washington, 969 F.2d 1073, 1080-81 (D.C. Cir. 1992) (when defendant was charged with distribution and possession with intent to distribute drugs, 404(b) evidence of his prior drug transactions was admissible to demonstrate intent, knowledge, plan, and absence of mistake), cert. denied, 507 U.S. 922 (1993); United States v. Harrison, 679 F.2d 942, 948 (D.C. Cir. 1982) (evidence of defendant's prior drug trafficking admissible in trial of charges of possession with intent to distribute drugs to show intent, preparation, plan and knowledge); and United States v. Johnson, 40 F.3d 436, 441 n.3 (D.C. Cir. 1994) (proper to admit evidence of a prior drug transaction as bearing on intent to possess), cert. denied, 514 U.S. 1041 (1995).

The highly probative value of this evidence is not substantially outweighed by potential prejudice to the defendant. Any potential prejudice is not unique to this case – where the government has shown a permissible non-propensity purpose – but is endemic to all 404(b) evidence: such evidence "almost unavoidably raises the danger that the jury will improperly 'conclude that because [the defendant] committed some other crime, he must have committed the one charged in the indictment.'" Douglas, 482 F.3d at 601 (quoting Crowder II at 1210).

9

Prejudice in this attenuated sense cannot justify a *per se* rule of exclusion.  See id.  The defense

must show "compelling or unique" evidence of prejudice, United States v. Mitchell, 49 F.3d 769,

776 (D.C. Cir. 1995), cert. denied, 516 U.S. 926 (1995), distinct from the probative value of the

evidence and distinct from the intrinsic prejudicial potential of any 404(b) evidence.  This Circuit

has consistently minimized the residual risk of prejudice not by exclusion, but by issuing limiting

instructions to the jury.  See, e.g., Douglas, 482 F.3d at 601 (emphasizing the significance of the

district court's instructions to jury on the permissible and impermissible uses of the evidence);

Pettiford, 517 F.3d at 590 (same); Crowder II, 141 F.3d at 1210 (stating that mitigating

instructions to jury enter into the Rule 403 balancing analysis).  Thus, the evidence is not unduly

prejudicial.

       WHEREFORE, for the reasons stated above, the United States respectfully submits that

the government's motion to admit other crimes evidence pursuant to Federal Rule of Evidence

404(b) should be granted.


                    Respectfully submitted,


                    JEFFREY A. TAYLOR
                    UNITED STATES ATTORNEY


                    _____/s/_____
By:    OPHER SHWEIKI
       Assistant United States Attorney
       Bar No. 458776
       Federal Major Crimes Section
       555 4th Street, N.W.
       Washington, D.C. 20530
       (202) 353-8822
       Opher.Shweiki@usdoj.gov

11